UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRETT JONES,<br><br>                Petitioner,<br><br>    v.<br><br>FLAGSTAR BANK, *et al.*,<br><br>                Respondents. | Civil Action No. 1:23-mc-00031 (JMC) |

**MEMORANDUM OPINION AND ORDER**

       Pro se Plaintiff Brett Jones (also known as "Eeon") filed this miscellaneous action on behalf of himself and Tracy Mosley against Flagstar Bank, Oceanside Mortgage Company, the Federal Reserve, and twenty unnamed individual Respondents. ECF 1 at 1. For the reasons set forth below, the Court dismisses this action *sua sponte* without prejudice.

       Jones's pleadings are difficult to comprehend, partly because large sections of the pleadings are smudged and partly because Jones does not clearly explain the nature of his claims. The pleadings involve a loan agreement between the private Parties and a collateral security that should have been deposited with the Federal Reserve. ECF 1 at 2. Beyond those general facts, though, it is difficult to discern the basis of Jones's claims.

       The Federal Rules of Civil Procedure demand more. Rule 8(a) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not expect "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

1

(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Granted, pleadings filed by pro se litigants like Jones are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Jones's pleadings fail to do so. His pleadings do not provide a "short and plain" statement of his claims (or at least not one that is legible). Even construing Jones's pleadings liberally, it is impossible to determine the legal basis for Jones's case. And if the Court cannot make out the basis of Jones's pleadings, it is difficult to imagine any of the Respondents discerning it.

Jones's complaint is therefore dismissed without prejudice for failure to comply with FRCP 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but courts have done so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metropolitan Area Transit Authority*, 164 F. Supp. 3d 33, 35 (D.D.C. Feb. 5, 2016) (dismissing a complaint *sua sponte* for failing to comply with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court hereby

**ORDERS** that Jones's Motion to Enforce, ECF 1, is DISMISSED;

**ORDERS** that Jones's Motion to Stay, ECF 2, is DISMISSED.

**SO ORDERED.**

DATE: May 1, 2023

_____
Jia M. Cobb
U.S. District Court Judge
